MEGAN COONEY, SBN 295174
  mcooney@gibsondunn.com
KATIE M. MAGALLANES, SBN 300277
  kmagallanes@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA 92612-4412
Telephone: 949.451.3800
Facsimile: 949.451.4220

HELEN AVUNJIAN, SBN 300284
  havunjian@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Attorneys for Defendant
AMAZON.COM SERVICES LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMAURIAN DAVIS, on behalf of himself and all others similarly situated,<br><br>                    Plaintiffs,<br><br>        v.<br><br>AMAZON.COM SERVICES LLC, and DOES 1 through 10, INCLUSIVE,<br><br>                    Defendants. | CASE NO.<br><br>**DEFENDANT AMAZON.COM SERVICES LLC'S NOTICE OF REMOVAL OF CLASS ACTION**<br><br>(San Joaquin Superior Court Case No. STK-CV-UOE-2022-0003427)<br><br>Action Filed:   May 5, 2022<br>Trial Date:      None Set |

**TABLE OF CONTENTS**

Page

I. TIMELINESS OF REMOVAL ........................................................................................... 1

II. SUMMARY OF ALLEGATIONS AND GROUNDS FOR REMOVAL ............................. 1

    A. The Proposed Class Consists of More than 100 Members ........................................... 3

    B. Amazon and Plaintiff Are Not Citizens of the Same State ............................................ 3

    C. The Amount in Controversy Exceeds $5 Million ........................................................... 4

        1. Plaintiff's Labor Code Section 226 Claim Places More Than $6.9 Million in Controversy ............................................................................... 6

        2. Plaintiff's Request for Attorneys' Fees Places an Additional $1.7 Million in Controversy ............................................................................... 8

        3. Amazon Has Satisfied Its Burden Under CAFA and No Exception Is Applicable ................................................................................................ 9

III. THIS COURT HAS JURISDICTION AND REMOVAL TO THIS COURT IS PROPER ................................................................................................................................ 10

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Anderson v. State Farm Mut. Auto. Ins. Co.*,
   917 F.3d 1126 (9th Cir. 2019) ................................................................................................. 1

*Arias v. Residence Inn by Marriott*,
   936 F.3d 920 (9th Cir. 2019) ........................................................................................... 5, 6, 8

*Ayala v. Cox Auto., Inc.*,
   2016 WL 6561284 (C.D. Cal. Nov. 4, 2016) ........................................................................... 4

*Barcia v. Contain-A-Way, Inc.*,
   2009 WL 587844 (S.D. Cal. Mar. 6, 2009) .............................................................................. 9

*Campbell v. Vitran Exp., Inc.*,
   471 F. App'x 646 (9th Cir. 2012) ............................................................................................ 5

*Coleman v. Estes Express Lines, Inc.*,
   730 F. Supp. 2d 1141 (C.D. Cal. 2010), *aff'd*, 631 F.3d 1010 (9th Cir. 2011) ....................... 8

*Dart Cherokee Basin Op. Co. v. Owens*,
   574 U.S. 81 (2014) ............................................................................................................. 5, 6

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998) ................................................................................................. 9

*Hertz Corp. v. Friend*,
   559 U.S. 77 (2010) ................................................................................................................... 4

*Johnson v. Columbia Props. Anchorage, LP*,
   437 F.3d 894 (9th Cir. 2006) ................................................................................................... 4

*Kantor v. Wellesley Galleries, Ltd.*,
   704 F.2d 1088 (9th Cir. 1983) ................................................................................................. 4

*Korn v. Polo Ralph Lauren Corp.*,
   536 F. Supp. 2d 1199 (E.D. Cal. 2008) ................................................................................... 5

*LaCross v. Knight Transp. Inc.*,
   775 F.3d 1200 (9th Cir. 2015) ................................................................................................. 5

*Lewis v. Verizon Commc'ns, Inc.*,
   627 F.3d 395 (9th Cir. 2010) ................................................................................................... 5

# TABLE OF AUTHORITIES
(continued)

Page(s)

*Lucas v. Michael Kors (USA), Inc.*,
   2018 WL 2146403 (C.D. Cal. May 9, 2018) .................................................................................9

*Mejia v. DHL Express (USA), Inc.*,
   2015 WL 2452755 (C.D. Cal. May 21, 2015) ...............................................................................7

*Moppin v. Los Robles Reg'l Med. Ctr.*,
   2015 WL 5618872 (C.D. Cal. Sept. 24, 2015) ..............................................................................7

*Salter v. Quality Carriers, Inc.*,
   974 F.3d 959 (9th Cir. 2020) ......................................................................................................5, 6

*Serrano v. 180 Connect, Inc.*,
   478 F.3d 1018 (9th Cir. 2007) ....................................................................................................10

*Soto v. Tech Packaging, Inc.*,
   2019 WL 6492245 (C.D. Cal. Dec. 3, 2019) ................................................................................7

*Standard Fire Ins. Co. v. Knowles*,
   568 U.S. 588 (2013) ......................................................................................................................5

**STATUTES**

28 U.S.C. § 84(a) .............................................................................................................................10

28 U.S.C. § 1332(c)(1) .......................................................................................................................4

28 U.S.C. § 1332(d) ................................................................................................................. *passim*

28 U.S.C. § 1441 .....................................................................................................................1, 2, 10

28 U.S.C. § 1446 .....................................................................................................................1, 10, 11

28 U.S.C. § 1453 ..........................................................................................................................1, 10

Cal. Civ. Code § 382 .........................................................................................................................1

Cal. Lab. Code § 226 ..............................................................................................................6, 7, 8, 9

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AMAURIAN DAVIS AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT**, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, and 1711, Defendant Amazon.com Services LLC ("Amazon") hereby removes to the United States District Court for the Eastern District of California the above-captioned state court action, originally filed as Case No. STK-CV-UOE-2022-0003427 in San Joaquin County Superior Court, State of California. Removal is proper on the following grounds:

## I. TIMELINESS OF REMOVAL

1. Plaintiff Amaurian Davis filed a putative Class Action Complaint against Amazon in San Joaquin County Superior Court, State of California, Case No. STK-CV-UOE-2022-0003427, on May 5, 2022. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the (a) Summons, (b) Class Action Complaint, (c) Civil Case Cover Sheet, (d) Notice of Case Assignment, and (e) Proof of Service of Summons on Amazon are attached as Exhibits A–E to the Declaration of Megan Cooney ("Cooney Decl.") filed concurrently with this notice.

2. According to the proofs of service filed by Plaintiff with the San Joaquin Superior Court, Plaintiff personally served Amazon.com Services LLC through their registered agents for service of process on June 1, 2022. *See* Cooney Decl., Ex. E. Consequently, service was completed on June 1, 2022. This notice of removal is timely because it is filed within 30 days after service was completed. 28 U.S.C. § 1446(b); *Anderson v. State Farm Mut. Auto. Ins. Co.*, 917 F.3d 1126, 1128 n.2 (9th Cir. 2019).

## II. SUMMARY OF ALLEGATIONS AND GROUNDS FOR REMOVAL

3. Removal is proper under 28 U.S.C. §§ 1441 and 1453 because this Court has subject matter jurisdiction over this action and all claims asserted against Amazon pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

4. CAFA applies "to any class action before or after the entry of a class certification order by the court with respect to that action." 28 U.S.C. § 1332(d)(8). This case is a putative "class action" under CAFA because it was brought under California Code of Civil Procedure section 382, California's

state statute or rule authorizing an action to be brought by one or more representative persons as a class action. *See* 28 U.S.C. § 1332(d)(1)(B); *see also* Compl. ¶ 16.

5. Plaintiff purports to represent the class of "[a]ll current and former California employees of [Amazon] since the date four (4) year prior to the filing of [the] complaint." Compl. ¶ 18. He asks the Court to impose damages and penalties on behalf of "Plaintiff and all members of the class." *Id.*, Compl., Prayer for Relief.

6. In his Complaint, Plaintiff alleges six causes of action against Amazon: (1) Failure to Provide Meal Periods; (2) Failure to Provide Rest Periods; (3) Failure to Pay All Wages; (4) Knowing and Intentional Failure to Comply with Itemized Employee Wage Statements; (5) Failure to Timely Pay Wages Due at Termination; and (6) Failure to Timely Pay Employees.

7. Among other things, Plaintiff alleges that putative class members are entitled to statutory penalties, premiums for missed meal periods and rest breaks, penalties for late payment of wages and inaccurate wage statements, interest, attorneys' fees, and costs of suit. *See* Compl., Prayer for Relief. Specifically, Plaintiff alleges that Defendant failed (i) "to provide Plaintiff and all other aggrieved employees their mandatory meal and rest breaks," (ii) "to pay all final wages due at termination," and (iii) to "provide employees with accurately itemized wage statements." *Id.* ¶ 2. In addition, Plaintiff claims that "Defendant's California employees were forced to work overtime and were not paid for all hours worked including all straight time wages, and overtime wages," and that "Plaintiff did not receive his compensation in accordance with Labor Code section 204 in that Defendant failed to issue[] wages to its employees within seven (7) calendar days after the pay period ended." *Id.* ¶¶ 3, 4.

8. Removal of a class action is proper if: (1) there are at least 100 members in the putative class; (2) there is minimal diversity between the parties, such that at least one class member is a citizen of a state different from any defendant; and (3) the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(d), 1441.

9. Amazon denies any liability in this case, both as to Plaintiff's individual claims and as to his putative class claims. Further, Amazon expressly reserves all rights to oppose class certification and contests the merits of all claims asserted in the Complaint. However, for purposes of the

jurisdictional requirements *for removal only*, the allegations in Plaintiff's Complaint identify a putative class of more than 100 members and put in controversy, in the aggregate, an amount that exceeds $5 million. *See* 28 U.S.C. § 1332(d).

### A. The Proposed Class Consists of More than 100 Members

10. Based on Plaintiff's allegations, this action satisfies CAFA's requirement that the putative class contains at least 100 members. *See* 28 U.S.C. § 1332(d)(5)(B).

11. Plaintiff's putative class spans the "four (4) year" period "prior to the filing of [the] complaint" through the date judgment is entered and purports to include all of Amazon's current and former California employees. Compl. ¶¶ 7, 18. Thus, the alleged putative class includes all of Amazon's California current and former employees from May 5, 2018 through the present. Plaintiff alleges that he was employed by Amazon as a "non-exempt, hourly employee in and around the city of Tracy, County of San Joaquin," California, and according to Amazon's business records, Plaintiff worked as an hourly, non-exempt "Fulfillment Associate I" at Amazon's Sort Center located in Tracy, California. Declaration of Colleen Liguori ("Liguori Decl.") ¶ 3(a); Compl. ¶ 7. According to Amazon's records, at least 10,410 individuals worked as hourly, non-exempt Fulfillment Associate I—the same position as Plaintiff—across five of Amazon's Sort Centers in California from May 5, 2021 to May 5, 2022. Liguori Decl. ¶ 3(b).

12. Thus, based on Plaintiff's allegations, there are *at least* 10,410 putative class members, which is a conservative (and underinclusive) estimate because it (a) takes the entire universe of job titles held by non-exempt Amazon employees in California and filters it down to just non-exempt Fulfillment Associate I's who worked at just five of Amazon's Sort Centers in California in the last year and (b) excludes all Amazon employees in California who have been hired since May 5, 2022. Thus, the putative class contains substantially more than 100 class members.

13. Accordingly, while Amazon denies that class treatment is permissible or appropriate, the proposed class satisfies CAFA's requirement that it consist of more than 100 members.

### B. Amazon and Plaintiff Are Not Citizens of the Same State

14. This Court has original jurisdiction under CAFA's minimum diversity of citizenship requirement when the plaintiff or any member of the putative class is a citizen of a different state from

any defendant. *See* 28 U.S.C. § 1332(d)(2)(A).

15. A person is a citizen of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A party's residence is prima facie evidence of his or her domicile. *Ayala v. Cox Auto., Inc.*, 2016 WL 6561284, at *4 (C.D. Cal. Nov. 4, 2016) (citing *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)). Plaintiff alleges that he "is a resident of Stockton, California." Compl. ¶ 7. Plaintiff is therefore considered a citizen of California for purposes of removal under CAFA. *See Ayala*, 2016 WL 6561284, at *4.

16. A corporation is a citizen of its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1). "[A]n LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Amazon.com Services LLC is a limited liability company organized under the laws of Delaware and has its principal place of business in Seattle, Washington. *See* Cooney Decl. Ex. F ¶ 2. Amazon.com Services LLC's only member is Amazon Sales, Inc., which is wholly owned by Amazon.com, Inc. *Id.* at ¶ 3. Amazon.com Sales, Inc. and Amazon.com, Inc. are incorporated in Delaware and each has their principal place of business in Seattle, Washington. *Id.*

17. The Supreme Court has interpreted the phrase "principal place of business" in 28 U.S.C. section 1332(c)(1) to mean "the place where a corporation's officers direct, control, and coordinate the corporation's activities," i.e., its "nerve center," which "should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). These entities' headquarters, which are located in Washington, constitute their "nerve center[s]" under the test adopted in *Hertz* because their high-level officers oversee each corporation's activities from that state. *See* Cooney Decl. Ex. F ¶ 4. As such, Amazon.com Services LLC is a citizen of Delaware and Washington. *See* 28 U.S.C. § 1332(c)(1); *Johnson*, 437 F.3d at 899.

18. Accordingly, Plaintiff and Amazon are citizens of different states, and CAFA's minimal diversity requirement is met. 28 U.S.C. § 1332(d)(2)(A).

**C.    The Amount in Controversy Exceeds $5 Million**

19. CAFA requires that the amount in controversy in a class action exceed $5 million,

exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). In calculating the amount in controversy, a court must aggregate the claims of all individual class members. *Id.* § 1332(d)(6).

20. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Op. Co. v. Owens*, 574 U.S. 81, 89 (2014). To satisfy this burden, a defendant may rely on a "chain of reasoning" that is based on "reasonable" "assumptions." *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201 (9th Cir. 2015). "An assumption may be reasonable if it is founded on the allegations of the complaint." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019); *see also Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020) ("[I]n *Arias* we held that a removing defendant's notice of removal need not contain evidentiary submissions but only plausible allegations of jurisdictional elements." (internal quotation marks and citations omitted)). That is because "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee*, 574 U.S. at 87. Importantly, plaintiffs seeking to represent a putative class cannot "bind the absent class" through statements aimed to limit their recovery in an effort to "avoid removal to federal court." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 596 (2013).

21. Moreover, in assessing whether the amount in controversy requirement has been satisfied, "a court must 'assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). In other words, the focus of the Court's inquiry must be on "what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (quoting *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)).

22. As Amazon will demonstrate below, the amount in controversy exceeds $8.6 million and therefore is well in excess of the $5 million threshold. Thus, although Amazon denies that

Plaintiff's claims have any merit, Amazon avers, for the purposes of meeting the jurisdictional requirements for removal *only*, that if Plaintiff were to prevail on his wage statement claim alone, the requested monetary recovery would exceed $5 million, inclusive of attorneys' fees.

1. **Plaintiff's Labor Code Section 226 Claim Places More Than $6.9 Million in Controversy**

23. Plaintiff's claim for inaccurate wage statements under Labor Code section 226 alone places more than $6.9 million in controversy. Amazon reserves the right to present evidence establishing the amount placed in controversy by each of Plaintiff's claims should Plaintiff challenge whether the jurisdictional amount-in-controversy threshold is satisfied. *See Dart Cherokee*, 574 U.S. at 87–89; *see also Salter*, 974 F.3d at 964 (holding that only a "factual attack" that "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings" requires the removing defendant to "support her jurisdictional allegations with competent proof" (internal quotation marks and citations omitted)). "[W]hen a notice of removal plausibly alleges a basis for federal court jurisdiction, a district court may not remand the case back to state court without first giving the defendant an opportunity to show by a preponderance of the evidence that the jurisdictional requirements are satisfied." *Arias*, 936 F.3d at 924.

24. Plaintiff alleges in his Fourth Cause of Action that Amazon "failed to issue Plaintiff and Defendant's California employees accurately itemized wage statements," that Amazon "failed to compensate Plaintiff and Defendants' California employees with all wages due," and that "[Amazon's] wage statements failed to accurately state all gross wages earned in violation of Labor Code § 226(a)(1), total hours worked, in violation of Labor Code § 226(a)(2), and net wages earned, in violation of Labor Code § 226(a)(5)." Compl. ¶ 47. Plaintiff further alleges that "Plaintiff and the California employees' wage statements' failed to accurately state all applicable hourly rates during the pay period and the corresponding number of hours worked, in violation of Labor Code § 226(a)(9), as a result of Defendants' failure to pay all overtime wages due." *Id*.

25. Under Labor Code section 226(e)(1), an employee suffering injury as a result of an intentional failure to comply with Labor Code section 226(a) is entitled to "recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one

1  hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees." Cal. Lab. Code § 226(e)(1).

26. Amazon denies that any such penalties are owed to Plaintiff or putative class members. However, for purposes of this jurisdictional analysis *only*, Amazon relies on Plaintiff's allegations that the penalties are owed. Plaintiff alleges that Amazon's alleged "violations of Labor Code § 226(a) are knowing and intentional, and Plaintiff has suffered injury as a result of the receipt of defective wage statements, thereby entitling them to penalties pursuant to Labor Code § 226(e)." Compl. ¶¶ 47–48. Plaintiff specifically alleges that these violations are derivative of "Defendants['] [alleged] fail[ure] to compensate Plaintiff and Defendants' California employees with all wages due." *Id*. ¶ 47. As a result, Plaintiff contends, the putative class members' wage statement "failed to accurate[ly] state all gross wages earned, in violation of Labor Code § 226(a)(1), total hours worked, in violation of Labor Code § 226(a)(2), and net wages earned, in violation of Labor Code § 226(a)(5)." *Id*. Moreover, Plaintiff alleges that the underlying violations it seeks to litigate—for improper meal periods, rest breaks, and overtime pay—were committed based on a "consistent policy" applied "routinely." *Id*. ¶ 2.

27. Based on those allegations, it is reasonable to assume, for the purposes of this jurisdictional analysis *only*, that all putative class members at the five Sort Centers used for this removal received inaccurate wage statements each pay period—which, given the limited number of putative class members, positions, and facilities considered, is far below a 100% violation rate. *See, e.g.*, *Mejia v. DHL Express (USA), Inc.*, 2015 WL 2452755, at *5 (C.D. Cal. May 21, 2015) (finding that "100% violation rate" is not an unreasonable assumption in estimating the amount in controversy in light of the allegations in the complaint that the violations were derivative of other alleged claims); *Soto v. Tech Packaging, Inc.*, 2019 WL 6492245, at *7 (C.D. Cal. Dec. 3, 2019) (concluding that "it is reasonable to assume a 100% violation rate" when the allegations include a failure to list "the total number of hours worked by [p]laintiff and other class members"); *Moppin v. Los Robles Reg'l Med. Ctr.*, 2015 WL 5618872, at *3 (C.D. Cal. Sept. 24, 2015) ("Courts in this district have found the amount in controversy is satisfied where a defendant assumes a 100% violation rate based on allegations of a 'uniform' illegal practice, or other similar language, and where the plaintiff offers no evidence rebutting

Gibson, Dunn & Crutcher LLP

7    DEFENDANT'S NOTICE OF REMOVAL OF CLASS ACTION

this violation rate."); *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1149 (C.D. Cal. 2010), *aff'd*, 631 F.3d 1010 (9th Cir. 2011) (courts have assumed a 100% violation rate in calculating the amount in controversy when the complaint does not allege a more precise calculation).

28. During the one-year period prior to the filing of the Complaint, Amazon employed at least 10,410 non-exempt Fulfillment Associate I's across five of its Sort Centers in California. Liguori Decl. ¶ 3(b). These 10,410 employees worked a total of at least 75,000 pay periods from May 5, 2021 to November 5, 2021.[1]  *Id.* ¶ 3(c). Based on Plaintiff's allegations, the amount in controversy with respect to Plaintiff's Fourth Cause of Action alone is at least **$6,979,500**, calculated as follows:

| | |
|---|---|
| Penalty for initial pay period for each employee (10,410 initial pay periods x $50): | $520,500 |
| Penalty for each of the 64,590 subsequent pay periods ((75,000 - 10,410) x $100): | $6,459,000 |
| Amount in controversy for Labor Code section 226 claim, based on Plaintiff's allegations: | **$6,979,500** |

29. The amount in controversy alleged by Plaintiff on this claim alone exceeds $6.9 million and does not even include any penalties allegedly owed to employees who received wage statements after November 5, 2021, which would further increase the amount in controversy. Even reducing the potential amount in controversy on this claim by 25% would still place over $5 million in controversy and alone exceed the jurisdictional threshold imposed by CAFA.

**2.  Plaintiff's Request for Attorneys' Fees Places an Additional $1.7 Million in Controversy**

30. Plaintiff also explicitly seeks attorneys' fees should he recover for any of the claims in this action. *See* Compl. ¶¶ 32, 38, 44, 54 & Prayer for Relief. "[W]hen a statute or contract provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in controversy." *Arias*, 936 F.3d at 922. Under the Ninth Circuit's well-established precedent, 25% of the common fund is generally used as a benchmark for an award of attorneys' fees.

---

[1] Amazon's practice during the one-year period prior to the filing of the Complaint has been to issue paychecks to employees on a weekly basis. As such, a pay period includes one week. Liguori Decl. ¶ 3(d). To ensure Amazon's aggregate total number of pay periods does not result in an overestimation of the maximum individual penalty available pursuant to Labor Code section 226, it is limited to pay periods between May 5, 2021 and November 5, 2021, or a period of 26 weeks, such that the maximum penalty per individual could not exceed $2,550.

*See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998), *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011); *Barcia v. Contain-A-Way, Inc.*, 2009 WL 587844, at *5 (S.D. Cal. Mar. 6, 2009) ("In wage and hour cases, '[t]wenty-five percent is considered a benchmark for attorneys' fees in common fund cases.'") (quoting *Hopson v. Hanesbrands Inc.*, 2008 WL 3385452, at *4 (N.D. Cal. Aug. 8, 2008)); *Lucas v. Michael Kors (USA), Inc.*, 2018 WL 2146403, at *12 (C.D. Cal. May 9, 2018) (collecting cases applying a 25% benchmark in wage and hour cases subject to CAFA).

31. Here, Amazon has established that the total amount in controversy is *at least* **$6.9 million**, and Plaintiff has not indicated that he will seek less than 25% of a common fund in attorneys' fees. *See* Compl. ¶¶ 32, 38, 44, 54 & Prayer for Relief (seeking attorneys' fees). Amazon denies that any such attorneys' fees are owed to Plaintiff or putative class members. However, for purposes of this jurisdictional analysis *only*, Amazon relies on Plaintiff's allegations that the attorneys' fees are owed.

32. Using a 25% benchmark figure for attorneys' fees for Plaintiff's allegations regarding waiting time penalties and alleged Labor Code Section 226 violations results in estimated attorneys' fees of more than **$1.7 million**, calculated as follows:

| | |
|---|---:|
| Conservative Estimate of Amount in Controversy from Section 226 Claims: | $6,979,500 |
| Attorneys' Fees Benchmark: | 25% |
| Attorneys' Fees: | $1,744,875 |

**3.  Amazon Has Satisfied Its Burden Under CAFA and No Exception Is Applicable**

33. In summary, Plaintiff's allegations regarding failure to provide accurate itemized wage statements place more than $6.9 million in controversy, and attorneys' fees on this claim alone would place an additional $1.7 million in controversy—for a total of **$8.6 million** in controversy. This amount in controversy calculation underestimates the total amount placed in controversy by Plaintiff's complaint because it is based on conservative assumptions about Plaintiff's putative class allegations and does not account for, among other things, any recovery sought for failure to provide compliant meal or rest breaks (First and Second Causes of Action), failure to pay all wages (Third Cause of

Action), failure to timely pay wages upon termination (Fifth Cause of Action), or failure to timely pay employees (Sixth Cause of Action).

34. Plaintiff's allegations therefore place more than the requisite $5 million in controversy. The jurisdictional amount-in-controversy requirement is met, and removal to this Court is proper under CAFA.

35. Because Amazon has shown that federal jurisdiction has been established over this action, Plaintiff bears the burden of proof to show that an exception to CAFA removal applies and justifies remand.  *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007).  Plaintiff cannot meet this burden, as no exceptions apply to this action.  Amazon expressly reserves its right to contest and further brief the applicability of any exception to removal under CAFA that Plaintiff may identify in any motion for remand.

### III. THIS COURT HAS JURISDICTION AND REMOVAL TO THIS COURT IS PROPER

36. Based on the foregoing facts and allegations, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because:

   a) This is a civil action that is a "class action" within the meaning of § 1332(d)(1)(B);

   b) The action involves a putative class of at least 100 persons, as required by § 1332(d)(5)(B);

   c) The amount in controversy exceeds $5 million, exclusive of interest and costs, as required by § 1332(d)(2); and

   d) At least one member of the putative class is a citizen of a state different from that of any defendant, as required by § 1332(d)(2)(A).

Accordingly, this action is properly removable under 28 U.S.C. §§ 1441, 1446, and 1453.

37. The United States District Court for Eastern District of California is the federal judicial district in which the San Joaquin County Superior Court sits.  This action was originally filed in the San Joaquin County Superior Court, rendering venue in this federal judicial district proper.  28 U.S.C. § 84(a); *see also* 28 U.S.C. § 1441(a).

38. True and correct copies of all process, pleadings, and orders served upon Amazon and/or filed in the state court, including the (a) Summons, (b) Class Action Complaint, (c) Civil Case Cover

Sheet, (d) Notice of Case Assignment, and (e) Proof of Service of Summons on Amazon, are attached as Exhibits A–E to the Cooney Declaration filed concurrently herewith.  These filings constitute the complete record of all records and proceedings in the state court.

39. Upon filing the Notice of Removal, Amazon will furnish written notice to Plaintiff's counsel, and will file and serve a copy of this Notice with the Clerk of the San Joaquin County Superior Court, pursuant to 28 U.S.C. § 1446(d).

Dated:  June 30, 2022

        MEGAN COONEY
        HELEN AVUNJIAN
        KATIE M. MAGALLANES
        GIBSON, DUNN & CRUTCHER LLP

By:   */s/ Megan Cooney*
                Megan Cooney

Attorneys for Defendant
AMAZON.COM SERVICES LLC