# EXHIBIT B

**Electronically Filed**
**Superior Court of California**
**County of San Joaquin**
**2022-05-05 13:41:21**
**Clerk: Natalie Bashaw**

**Case Management Conference**
**11/08/2022 08:45 AM in 10D**

STK-CV-UOE-2022-0003427

1  Roman Otkupman, CSBN 249423
   *Roman@OLFLA.com*
2  **OTKUPMAN LAW FIRM, A LAW CORPORATION**
   5743 Corsa Ave, Suite 123
3  Westlake Village, CA 91362
   Telephone: (818) 293-5623
4  Facsimile (888) 850-1310

5  Attorney for Plaintiff,
   Amaurian Davis, on behalf of himself and all others similarly situated, and on behalf of the
6  general public

7              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8                       **COUNTY OF SAN JOAQUIN**

9   AMAURIAN DAVIS, on behalf of himself          CASE NO.
    and all others similarly situated, and on behalf
10  of the general public,                         **CLASS ACTION COMPLAINT FOR:**

11             Plaintiff,                          1.  **FAILURE TO PROVIDE MEAL**
                                                       **PERIODS IN VIOLATION OF**
12         vs.                                        **(LABOR CODE § 226.7, 512 and**
                                                       **558);**
13  AMAZON.COM SERVICES LLC, a
    Delaware Limited Liability Company and       2.  **FAILURE TO PROVIDE REST**
14  DOES 1 through 10, inclusive.                     **PERIODS IN VIOLATION OF**
                                                       **(LABOR CODE § 226.7, 512 and**
15             Defendants.                            **558);**

16                                               3.  **FAILURE TO PAY ALL WAGES**
                                                       **IN VIOLATION OF (LABOR**
17                                                     **CODE §§ 510, 1194, 1194.2);**

18                                               4.  **KNOWING AND INTENTIONAL**
                                                       **FAILURE TO COMPLY WITH**
19                                                     **ITEMIZED EMPLOYEE WAGE**
                                                       **STATEMENT PROVISIONS**
20                                                     **(LABOR CODE § 226(a), (e));**

21                                               5.  **FAILURE TO TIMELY PAY**
                                                       **WAGES DUE AT TERMINATION**
22                                                     **(LABOR CODE §§ 201-203);**

23                                               6.  **FAILURE TO TIMELY PAY**
                                                       **EMPLOYEES IN VIOLATION OF**
24                                                     **LABOR CODE § 204(a)(b);**

25                                                   **DEMAND FOR JURY TRIAL**

26

27

28

PLAINTIFF, Amaurian Davis ("Plaintiff"), on behalf of himself and other "aggrieved employees" complains of Defendants as follows:

## I.     INTRODUCTION

1.      This is a Class Action, pursuant to Code of Civil Procedure § 382 on behalf of Plaintiff and certain individuals who are employed by, or were formerly employed by, Amazon.com Services LLC and any subsidiaries or affiliated companies (hereinafter collectively referred to as "Defendants") within California.

2.      For at least four (4) years prior to the filing of this action and continuing to the present (the "liability period"), Defendants have had a consistent policy of failing to provide Plaintiff and all other aggrieved employees their mandatory meal and rest breaks, failing to pay all final wages due at termination or within seventy-two (72) hours after separation to all employees in California, and failing to provide employees with accurately itemized wage statements pursuant to Labor Code § 226(a). Defendant's further failed to pay premium wages to Plaintiff and all other aggrieved employees who were denied meal and rest breaks. Plaintiff and all other aggrieved employees were routinely unable, and not authorized, to take a 10-minute rest break and were also unable to take a 30-minute lunch break for every shift they worked. Specifically, Plaintiff and all other aggrieved employees were forced to continue working through their meal and rest breaks to assist Defendant's needs in violation of Labor Code Sections 226.7 and 512.

3.      Plaintiff also claims that Defendant has failed to pay all overtime wages due to non-exempt employees. As a result, employees are not properly compensated for work performance in excess of eight (8) hours in a workday and work performed in excess of forty (40) hours in a workweek at a rate of no less than one and one-half times the regular rate of pay. Employees of Defendant regularly work in excess of eight (8) hours in a day or more than forty (40) hours per week and do not receive overtime compensation at a rate of one and one half of their regular rate. Plaintiff and Defendant's California employees were forced to work overtime and were not paid for all hours worked including all straight time wages, and overtime wages. These failures to pay all overtime wages constitute violations of Labor Code §§ 510, 1194, 1194.2.

4.      Moreover, Plaintiff did not receive his compensation in accordance with Labor Code Section 204 in that Defendant failed to issues wages to its employees within seven (7) calendar days after the pay period ended.

5.      Plaintiff, on behalf of himself and all proposed Plaintiff Class members (specifically, the "California Class" as defined herein), brings this action pursuant to Labor Code §§ 226.7, 512, and 558, Labor §§ 510, 1194, 1194.2, Labor § 226(a)(e), Labor Code § 201-203, and Labor Code § 204(a)(b)

6.      Venue as to each Defendant is proper in this judicial district, pursuant to Code of Civil Procedure § 395.  Defendants operate within the State of California. The unlawful acts alleged herein took place in Tracy, California.

## II.      PARTIES

### A.      PLAINTIFF

7.      Plaintiff Amaurian Davis is a resident of Stockton, California. At all times relevant herein, he was employed by Defendants in San Joaquin County, California. Plaintiff was employed by Defendants as a non-exempt, hourly employee in California, including in and around the city of Tracy, County of San Joaquin. During Plaintiff's employment:

A.  Plaintiff did not receive final wages upon termination.

B.  Plaintiff and the Class were not paid in a timely manner pertaining to the waiting time penalties in accordance with Labor Code §§ 201-203.

C.  Plaintiff was forced to receive inaccurately itemized and deficient wage statements, in violation of Labor Code § 226(a).

D.  Plaintiff did not receive his compensation in accordance with Labor Code Section 204 in that Defendant failed to issues wages to its employees within seven (7) calendar days after the pay period ended.

E.  Plaintiff was required to work without meal and rest periods, nor compensation in lieu thereof, as required by the Labor Code and relevant Wage Orders.

F.  Plaintiff was required to work either in excess of eight hours per workday or in excess of forty hours per workweek without receiving compensation at a rate of one and one half the regular rate of pay.

### B.      DEFENDANTS

8.      Defendant Amazon.com Services, LLC is doing business in Tracy, California. It operates within the State of California.  Defendants employed Plaintiff and similarly situated employees within California. The violations alleged herein arose in Tracy, California.

9.      The true names and capacities, whether individual, corporate, associate, or otherwise,

of Defendants sued herein as DOES 1 to 10, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names under Code of Civil Procedure § 474. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

10.     Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants. Furthermore, Defendants in all respects acted as the employer and/or joint employer of Plaintiff and the proposed Class.

## FACTUAL ALLEGATIONS

11.     Defendants willfully deny their California employees their meal and rest periods, and fail to timely provide such, or compensation in lieu thereof, as required by Labor Code §§ 226.7, 512, and 558.

12.     Defendant has failed to pay all overtime wages due to non-exempt employees. As a result, employees are not properly compensated for work performance in excess of eight (8) hours in a workday and work performed in excess of forty (40) hours in a workweek at a rate of no less than one and one-half times the regular rate of pay. Employees of Defendant regularly work in excess of eight (8) hours in a day or more than forty (40) hours per week and do not receive overtime compensation at a rate of one and one half of their regular rate. Plaintiff and Defendant's California employees were forced to work overtime and were not paid for all hours worked including all straight time wages, and overtime wages. These failures to pay all overtime wages constitute violations of Labor Code §§ 510, 1194, 1194.2.

13.     Defendants fail to properly itemize the wage statement of Plaintiff and members of California class, in violation of Labor Code §226(a).

14.     Defendants also violate Labor Code §§ 201-203 pertaining to the waiting time penalties as a result of Defendant's failure to pay Plaintiff and the aggrieved employees in a timely manner.

15.     Defendants pay Plaintiff and its California employees on a bi-weekly basis and have failed to comply with Labor Code § 204(a) which holds that wages earned on a bi-weekly basis must

be paid no later than seven calendar days following the close of the payroll period. Due to the violations described above, Plaintiff and Defendants' California employees did not receive all of their wages earned in a timely manner as required by Labor Code § 204(a)(b).

## CLASS ACTION ALLEGATIONS

16.     Plaintiff brings this action on behalf of himself and all others similarly situated as a Class Action pursuant to § 382 of the Code of Civil Procedure.

17.     Plaintiff seeks to represent a class composed of and defined as follows:

## THE CALIFORNIA CLASS

18.     All current and former California employees of Defendants since the date four (4) year prior to the filing of this complaint.

19.     Plaintiff reserves the right under Rule 3.765, California Rules of Court, to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

20.     This action has been brought and may properly be maintained as a class action under the provisions of § 382 of the Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

**A.     NUMEROSITY**

21.     The potential members of the proposed Class as defined are so numerous that joinder of all the members of the proposed Class is impracticable. While the precise number of proposed Plaintiff Class members has not been determined at this time, Plaintiff is informed and believes that Defendants currently employ, and during the relevant time periods employed, over seventy-five (75) Class members in the State of California.

22.     Accounting for employee turnover during the relevant periods necessarily increases this number substantially. Plaintiff alleges that Defendants' employment records would provide information as to the number and location of all proposed Plaintiff Class members. Joinder of all members of the proposed Class is not practicable.

**B.     COMMONALITY**

23.     There are questions of law and fact common to the proposed Class that predominate over any questions affecting only individual Class members. These common questions of law and fact include, without limitation, whether Defendants failed to provide members of the Class with

OTKUPMAN LAW
FIRM, ALC

ATTORNEYS AT LAW

CLASS ACTION COMPLAINT                                        5

wage statements that fully and accurately itemize the requirements set forth in Labor Code §226(a), accurate final wages, and final wages on the day of termination and or within seventy-two (72) hours of separation and whether the rest periods were timely made available.

**C.    TYPICALITY**

24.     The claims of the named Plaintiff are typical of the claims of the proposed Class. Plaintiff and all members of the proposed Class sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws, regulations that have the force and effect of law, and statutes as alleged herein.

**D.    ADEQUACY OF REPRESENTATION**

25.     Plaintiff will fairly and adequately represent and protect the interests of the members of the proposed Class. Counsel who represents Plaintiff is competent and experienced in litigating large employment class actions.

**E.    SUPERIORITY OF CLASS ACTION**

26.     A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed Plaintiff Class members is not practicable, and questions of law and fact common to the proposed Class predominate over any questions affecting only individual members of the proposed Class. Each member of the proposed Class has been damaged and is entitled to recovery by reason of Defendant's failure to comply with Labor Code 226(a).

27.     Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**

**FAILURE TO PROVIDE MEAL PERIODS OR COMPENSATION IN LIEU THEREOF**

**(LABOR CODE §§ 226.7, 512 and 558)**

28.     Plaintiff incorporates paragraphs 1 through 27 of this Complaint as though fully set forth herein.

29.     Plaintiff is entitled to one hour of pay for each day that Defendants failed to properly provide one or more meal periods as set forth in the IWC Wage Orders and Labor Code §§ 226.7,

512 and 558.

30.     Plaintiff and all other aggrieved employees were routinely unable, and not authorized to take an uninterrupted 30-minute meal break for every shift they worked. Specifically, Plaintiff and all other aggrieved employees were further forced to continue working through their meal breaks in order to assist Defendant's needs. Because of this, Plaintiff and all other aggrieved employees were unable to take their required meal breaks. Defendant failed to pay premium wages to Plaintiff and its non-exempt California employees who were denied timely meal, in violation of Labor Code §§ 226.7, 512, and 558, and IWC Order No. 5-2001, Section 12. Moreover, Plaintiff and all other aggrieved employees were not paid premium wages of one hour's pay for each missed meal break. This violates Labor Code §§ 226.7, 512, and 558.

31.     Pursuant to Labor Code §§ 226.7, 512 and 558 Plaintiff seeks the payment of all meal period compensations, which he was owed since he commenced to work for Defendant, according to proof.

32.     Additionally, Plaintiff is entitled to, and seeks, attorney's fees and costs, and prejudgment interest.

33.     Wherefore, Plaintiff seeks to represent request relief as described below.

## SECOND CAUSE OF ACTION

## FAILURE TO PROVIDE REST PERIODS OR COMPENSATION IN LIEU THEREOF

## (LABOR CODE §§ 226.7, 512 and 558)

34.     Plaintiff incorporates paragraphs 1 through 33 of this Complaint as though fully set forth herein.

35.     Plaintiff is entitled to one hour of pay for each day that Defendants failed to properly provide one or more rest periods as set forth in the IWC Wage Orders and Labor Code §§ 226.7, 512 and 558.

36.     Plaintiff and all other aggrieved employees were routinely unable, and not authorized to take their 10-minute rest periods. Specifically, Plaintiff and all other aggrieved employees were further forced to continue working through their rest breaks in order to assist Defendant's needs. Because of this, Plaintiff and all other aggrieved employees were unable to take their required rest breaks. Defendant failed to pay premium wages to Plaintiff and its non-exempt California employees who were denied timely rest breaks, in violation of Labor Code §§ 226.7, 512, and 558, and IWC Order No. 5-2001, Section 12. Moreover, Plaintiff and all other aggrieved employees were not paid

premium wages of one hour's pay for each missed rest break. This violates Labor Code §§ 226.7, 512, and 558.

37.     Pursuant to Labor Code §§ 226.7, 512 and 558 Plaintiff seeks the payment of all rest period compensations, which he was owed since he commenced to work for Defendant, according to proof.

38.     Additionally, Plaintiff is entitled to, and seeks, attorney's fees and costs, and prejudgment interest.

39.     Wherefore, Plaintiff seeks to represent request relief as described below.

### THIRD CAUSE OF ACTION

### FAILURE TO PAY ALL WAGES IN VIOLATION OF
### (LABOR CODE §§ 510, 1194, 1194.2)

40.     Plaintiff incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

41.     During the liability period, Defendant failed to pay all wages to Plaintiff and Defendant's California employees.

42.     Defendant has failed to pay all overtime wages due to non-exempt employees. As a result, employees are not properly compensated for work performance in excess of eight (8) hours in a workday and work performed in excess of forty (40) hours in a workweek at a rate of no less than one and one-half times the regular rate of pay. Employees of Defendant regularly work in excess of eight (8) hours in a day or more than forty (40) hours per week and do not receive overtime compensation at a rate of one and one half of their regular rate. Plaintiff and Defendant's California employees were forced to work overtime and were not paid for all hours worked including all straight time wages, and overtime wages. These failures to pay all overtime wages constitute violations of Labor Code §§ 510, 1194, 1194.2.

43.     As a result, Plaintiff and Defendant's California employees were not paid for all hours worked including all straight time wages, and overtime wages. These failures to pay wages constitute violations of Labor Code § 510 and 1194.

44.     As a result of the unlawful acts of Defendants in willfully filing to pay all alleges, Plaintiff and Defendant's California employees have been deprived of wages in amounts to be determined at trial, and are entitled to restitution and recovery of such amounts, plus interest thereon, attorneys' fees, and costs pursuant to Labor Code § 1194 and liquidated damages pursuant to Labor

Code § 1194.2.

## FOURTH CAUSE OF ACTION

### KNOWING AND INTENTIONAL FAILURE TO COMPLY WITH ITEMIZED EMPLOYEE WAGE STATEMENT PROVISIONS (LABOR CODE § 226(a),(e))

45.   Plaintiff incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

46.   Section 226(a) of the California Labor Code requires Defendants to provide wage statements to employees. In those wage statements, Defendants must accurately set forth, among other things, the total gross and net wages earned, and all hourly rates in effect, for Plaintiff. Defendants have knowingly and intentionally failed to comply with Labor Code § 226(a).

47.   Defendants failed to issue Plaintiff and Defendant's California employees accurately itemized wage statements. As Defendants failed to compensate Plaintiff and Defendants' California employees with all wages due, as detailed above, their wage statements failed to accurately state all gross wages earned, in violation of Labor Code § 226(a)(1), total hours worked, in violation of Labor Code § 226(a)(2), and net wages earned, in violation of Labor Code § 226(a)(5). Moreover, Plaintiff and the California employees wage statements' failed to accurately state all applicable hourly rates during the pay period and the corresponding number of hours worked, in violation of Labor Code § 226(a)(9), as a result of Defendants' failure to pay all overtime wages due. These violations also violate Labor Code §§ 226(e) and 226.3 with respect to Plaintiff and Defendants' California employees.

48.   The wage statements provided to Plaintiff and members of the Class fail to accurately itemize in wage statements total gross and net wages earned, and all hourly rates in effect for Plaintiff. Defendants' violations of Labor Code § 226(a) are knowing and intentional, and Plaintiff has suffered injury as a result of the receipt of defective wage statements, thereby entitling them to penalties pursuant to Labor Code § 226(e).

///
///
///
///
///
///

OTKUPMAN LAW FIRM, ALC

ATTORNEYS AT LAW

CLASS ACTION COMPLAINT                                    9

## FIFTH CAUSE OF ACTION

**FAILURE TO PAY WAGES DUE AT THE TIME OF DISCHARGE IN VIOLATION OF LABOR CODE §§ 201-202, RESULTING IN SECTION 203 WAGES AND PENALTIES (WAITING TIME PENALTIES)**

49.     Plaintiff hereby incorporates preceding paragraphs of this Complaint as though fully set forth herein.

50.     At all times material herein, the California Labor Code Sections 201, 202, and 203 were in effect and binding on Defendant.

51.     California Labor Code § 202 requires employers to pay employees all wages due within seventy-two (72) hours of resignation. California Labor Code § 201 states in pertinent part that "if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages the employer must, as penalty, continue to pay the subject employee's wages until the back wages are paid in full or an action is commenced. The penalty cannot exceed 30 days of wages.

52.      Plaintiff was entitled to compensation for unpaid wages, but to date has not received such compensation. Specifically, Defendant failed to pay Plaintiff all wages due to Plaintiff at the time of his separation of employment from Defendant's. Thus, since Defendant failed to promptly pay Plaintiff all wages due to Plaintiff at the time of his separation of employment, Defendant violated Section 201 of the Labor Code and Plaintiff is therefore entitled to wages and penalties pursuant to Labor Code Section 203.

53.     More than 30 days have passed since Plaintiff's employment ended with Defendant.

54.     As a consequence of Defendant's willful conduct in not paying wages owed to Plaintiff, Plaintiff is entitled to 30 days of wages as a penalty pursuant to Labor Code § 203 for Defendant's failure to timely pay legal wages, together with attorney's fees and cost of suit, and interest pursuant to California Labor Code Section 218.5.

///
///
///
///

OTKUPMAN LAW
FIRM, ALC

ATTORNEYS AT LAW

CLASS ACTION COMPLAINT                    10

1

<u>**SIXTH CAUSE OF ACTION**</u>

2

**FAILURE TO TIMELY PAY EMPLOYEES IN VIOLATION OF LABOR CODE § 204(a)(b)**

3

55.    Plaintiff incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

4

56.    At all times relevant herein, Labor Code § 204 was in full force and effect and binding on Defendants.

5

6

57.    Wages must be paid according to a regularly set schedule. (Labor Code § 204). All earned wages must be paid at least twice a month, on days designated in advance by the employer. Work performed between the 1st and the 15th days, inclusive, of any calendar month must be paid between the 16th and 26th day of the same month. Work performed between the 16th and the last day of the month must be paid between the 1st and 10th day of the following month. (Labor Code § 204). Weekly or bi-weekly (every two weeks) payroll must be paid within seven (7) days of the end of the pay period in which the wages were earned (Labor Code §§ 204(a), 204(b)).

7

8

9

10

11

58.    Defendants pay Plaintiff and its California employees on a bi-weekly basis and have failed to comply with Labor Code § 204(a) which holds that wages earned on a bi-weekly basis must be paid no later than seven calendar days following the close of the payroll period. Due to the violations described above, Plaintiff and Defendant's California employees did not receive all of their wages earned in a timely manner as required by Labor Code § 204(a)(b).

12

13

14

15

59.    Defendants have failed to comply with the above-section because they waited longer than seven days from the close of the pay period to pay its bi-weekly paid employees.

16

17

18

<u>**RELIEF REQUESTED**</u>

19

WHEREFORE, Plaintiff prays for the following relief:

20

1.    For penalties pursuant to Labor Code § 203 for all members of the California class who are no longer employed by Defendants, equal to their daily wage multiplied by thirty (30) days;

21

22

2.    For penalties pursuant to Labor Code § 226(e) for Plaintiff and all members of the Class;

23

3.    For penalties pursuant to Labor Code § 226.7 for Plaintiff and all members of the Class;

24

25

4.    For penalties pursuant to Labor Code § 510 for Plaintiff and all members of the Class;

26

5.    For penalties pursuant to Labor Code § 204(b) for Plaintiff and all members of the Class;

27

28

OTKUPMAN LAW
FIRM, ALC

ATTORNEYS AT LAW

CLASS ACTION COMPLAINT                                    11

6.      An award of prejudgment and post-judgment interest;

7.      An award providing for payment of costs of suit;

8.      An award of attorneys' fees; and

9.      Such other and further relief as this Court may deem just and proper.

Dated:  May 5, 2022                    OTKUPMAN LAW FIRM,
                                       A Law Corporation



                              By:   _____

                                    ROMAN OTKUPMAN
                                    Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial of his claims by jury to the extent authorized by law.

Dated:  May 5, 2022                    OTKUPMAN LAW FIRM,
                                       A Law Corporation



                              By:   _____

                                    ROMAN OTKUPMAN
                                    Attorneys for Plaintiff

OTKUPMAN LAW
FIRM, ALC

ATTORNEYS AT LAW

CLASS ACTION COMPLAINT                           12